UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DERRICK E. JONES,

        Plaintiff,

        v.                                          Case No. 23-cv-1217-bhl

LT SEEL,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Derrick E. Jones, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Milwaukee County Jail. This matter comes before the Court on Jones' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Jones has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Jones has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $0.12. Jones' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Jones alleges that on August 19, 2018, he was assigned to the restricted housing unit in the Milwaukee County Jail. He asserts that, for unknown reasons, the smoke detector in his cell was triggered. According to Jones, Defendant Lt. Seel arrived and ordered officers to search his cell. After nothing related to a fire was located, Seel asked Jones how he set off the smoke detector. Jones asserts that he suggested the detector may have malfunctioned. Seel allegedly informed Jones that if he wanted to act like an animal, then that is how he would be treated. Seel ordered officers to place Jones on restraint watch, which consisted of placing Jones in handcuffs that were attached to his waist, placing "hand cans" on his hands, and shackling him at the ankles. In addition, officers removed Jones' mattress, bed linens, towels, and toilet paper, among other items. Jones explains that he remained on restraint watch for fifteen hours, during which time he could not use his hands to facilitate using the bathroom or getting water to drink. Jones asserts that he urinated on himself and was extremely thirsty. According to Jones, he eventually became so dizzy and faint that he fell to the ground, hit his head, and lost consciousness. Jones explains that he suffered a concussion for which he received treatment for two months.

### THE COURT'S ANALYSIS

Jones' complaint fails to survive screening because it is untimely. Jones filed his complaint on September 13, 2023. Dkt. No. 1. Invoking §1983, Jones alleges his rights were violated during an incident that happened more than five years earlier, on August 19, 2018. For "§ 1983 claims, a cause of action accrues when the plaintiff knew or should have known that [he] had sustained an injury." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir.

2004).  Given his factual allegations, Jones claim accrued on August 19, 2018, the day he sustained the injury that he complains about.  Because his claims accrued after April 5, 2018, Jones's claims are subject to Wisconsin's three-year statute of limitations.  *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citing 2017 Wis. Act 235 (eff. Apr. 5, 2018)) (reducing applicable statute of limitations from six to three years).  Accordingly, to be timely, Jones was required to file his complaint before August 19, 2021.  He missed the deadline by more than two years.  Because Jones's complaint is untimely and his claims are barred by the statute of limitations, it must be dismissed.  *See Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (holding that, if a plaintiff "pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court").

**IT IS THEREFORE ORDERED** that Jones' motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** because his claims are barred by the statute of limitations.

**IT IS FURTHER ORDERED** that the agency having custody of Jones shall collect from his institution trust account the $349.88 balance of the filing fee by collecting monthly payments from Jones' prison trust account in an amount equal to 20% of the preceding month's income credited to Jones' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.  If Jones is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jones remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on December 12, 2023.

                                               s/ *Brett H. Ludwig*
                                               BRETT H. LUDWIG
                                               United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.